UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER OPEL,<br><br>                    Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF CORRECTIONS, JANE PARNELL, NORM CALDWELL, GINA ROSENDALE, ALEXIS STROMBERG, C/O J LABOON, C/O J TROUDT, C/O COOPER, C/O KALEOPA, SGT LARRY BELFOR,<br><br>                    Defendants. | No. C14-5160RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  NOVEMBER 21, 2014** |

Before the Court is Defendants' Motion to Dismiss.  Dkt. 20.  Plaintiff, Heather Opel, opposes the motion.  Dkt. 25.  Ms. Opel is a Washington State inmate currently housed at the Washington Corrections Center for Women (WCCW).  Ms. Opel alleges that her due process rights were violated in a disciplinary hearing when the hearings officer turned off the tape recorder and told her not to appeal.  Dkt. 7, p. 3.  Plaintiff also states that her due process rights were violated by the Superintendent not overturning her infraction on appeal.  *Id*.  Further, Ms. Opel claims that she was harassed by staff after she returned from being in segregation and that

REPORT AND RECOMMENDATION - 1

her rights were violated when prison officials would not let her room with the person of her choice, inmate Van Hooser. *Id.* Ms. Opel also says that she is being harassed by certain prison staff who refer to a barrier used to keep offenders out of a certain area as "Opel Gate." Dkt. 7, p. 3. In the relief section of the complaint Ms. Opel states that she is seeking relief from discrimination based on "appearance," but she does not explain what she means by the term "appearance." Dkt. 7, p. 4.

## STATEMENT OF FACTS

For the purposes of this motion, the allegations contained in Ms. Opel's complaint (Dkt. 7) are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On January 6, 2012, Lieutenant Cooper, who is not a named defendant, sent Ms. Opel to segregation after she was infracted for violating two prison rules. Dkt. 7, p. 6 (letter to Mr. Caldwell). The violations were for rule number WAC 137-25-030-709 (709) (being in an unauthorized area), and rule number WAC 137-28-220-244 (244)(unauthorized display of sexual affection). *Id*. The 709 is a serious infraction while the 244 is a general infraction. In the infraction report the infracting officer states:

> I walked over to the booth area to check on the status of the booth worker and I observed offender Opel, Heather doc#845115 and offender VanHooser doc#327585 inside the equipment booth kissing each other mouth to mouth. I asked for the offenders ID's and then called the shift Lt.

Dkt. 7, p. 8.

Ms. Opel alleges that during her disciplinary hearing the hearings officer, who is not a named defendant, turned off the tape recorder and told her not to try filing an appeal. Dkt. 7, p. 3. Ms. Opel states that after the hearing the infracting officer changed his statement and spoke to her Custody Unit Supervisor, Defendant Rosendale. *Id*. Ms. Opel alleges that she filed a late

REPORT AND RECOMMENDATION - 2

appeal and that the Superintendent, Jane Parnell, denied the appeal. Dkt. 7, p. 3. Ms. Opel then sent a letter to the Secretary of the Department of Corrections asking that the infraction be overturned. Dkt. 7, p. 12. Ms. Opel does not disclose if the infraction was ever overturned.

Ms. Opel attached another infraction that she received on January 6, 2012, to her complaint. This is the same day that Ms. Opel was removed from the gym and taken to segregation. In the second infraction report a correctional officer states that a search of the gym area disclosed an altered 32 oz mug and two items of inmate to inmate correspondence in Ms. Opel's work area. Dkt. 7, p. 15. This infraction is apparently attached to the complaint as support for Ms. Opel's allegations regarding discrimination or harassment.

Ms. Opel also attached a number of grievances to her complaint. In grievance I.D. No. 13543861 Ms. Opel complains because she was told to return to her cell when she was caught brushing her teeth in the bathrooms during a tier check at 11:00 P.M. Dkt. 7, p. 17. In grievance, I.D. No. 12520601, Ms. Opel complains that tier representatives made an announcement that involved her situation regarding a room move and that she was embarrassed. Dkt. 7, p. 19. The prison response to this grievance offered an apology about a miscommunication between defendant Rosendale and the tier representatives. Dkt. 7, p. 19. The next grievance attached to the complaint is, I.D. No. 12520624. In this grievance Ms. Opel states that she accidently placed outgoing legal mail in the regular mail box and the officer refused to return the letter to her. Dkt. 17, p. 20.

In grievance I.D. No 12520621 Ms. Opel states that she left her cell after hours to use the bathroom and was told to return to her cell. When she stated that she needed to use the bathroom she was told to proceed "to the restroom now." Dkt. 17, p. 22. Ms. Opel was given a general infraction because of this incident and she attached that infraction to the complaint. Dkt. 7, p.

REPORT AND RECOMMENDATION - 3

27. The infracting officer stated that there had been two announcements that the day room was closed and Ms. Opel continued to stand at the bottom of the stairs talking to offender Van Hooser. After the third announcement Ms. Opel stood in her door talking to offender Van Hooser. When the officer told her to stop her conversation and go into her room plaintiff replied that she was going to the bathroom and that while walking to the bathroom plaintiff continued to talk to offender Van Hooser. Dkt. 7, p. 27. The officer reports on the infraction form that it was 11:41 p.m. when this incident occurred. *Id*.

In another grievance Ms. Opel complained of discrimination because her request to change roommates was denied. Dkt. 7, p. 25. The response to this grievance informed her that room moves were part of classification and could not be grieved. Ms. Opel also attached a kite to her complaint in which Defendant Rosendale denied plaintiff's request to room with offender Van Hooser. Dkt. 7, p. 26.

Ms. Opel attaches another general infraction where she was infracted on April 30, 2012, for filling her hot water bottle from the tap on a hot water machine. Dkt. 7, p. 28. In the infraction defendant Troudt states that there is a sign telling the inmates "[d]o not fill hot water bottles." *Id*. In a letter to Officer Troudt Ms. Opel states that there were other people in line doing the same thing but that they were not infracted. Dkt. 7, p. 29.

In a letter to defendant Labon Ms. Opel complains that after a soccer game when the lower tier showers were full she noticed other offenders were being allowed to use the upstairs showers but that when she asked to use the upstairs shower she was told to wait until a shower was available. Dkt. 7, p. 30. In this letter Ms. Opel states that she feels that she is being targeted since she was released from segregation. *Id.*

Defendants move to dismiss and raise five arguments which are summarizes as follows:

REPORT AND RECOMMENDATION - 4

1. Insufficient factual allegation against any named defendant.

2. There is no liberty interest in a disciplinary hearing that does not result in loss of good time.

3. Failure to state an Equal Protection claim because plaintiff does not claim to be part of a protected class.

4. Qualified immunity.

5. Stay of discovery.

Dkt. 20, p. 4.

Ms. Opel filed a five page response and she attaches many of the same documents she attached to the complaint. In this response Ms. Opel identifies the hearing officer from her January 6, 2012, serious infraction hearing as Officer Larocco. Officer Larocco is not a named defendant in this action. Dkt. 7. Ms. Opel states that the infracting officer recanted his statement after the disciplinary hearing and that he admits that offenders Van Hooser and Opel were not actually in the equipment cage. Dkt. 25. Ms. Opel also cites to RCW 49.60.010 which is a state anti discrimination law. Ms. Opel concedes that her Fourth Amendment and substantive due process claims are without are without merit but contends her procedural due process claim should proceed, although not against all defendants. Dkt. 25.

**STANDARD OF REVIEW**

A court may grant a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

REPORT AND RECOMMENDATION - 5

On a motion to dismiss, material allegations in the complaint are taken as admitted and the complaint is liberally construed in favor of plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

## DISCUSSION

To state a claim under 42 U.S.C. §1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980).

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. Plaintiff must set forth specific facts showing a

REPORT AND RECOMMENDATION - 6

causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe*, 616 F.2d at 1092; *Rizzo*, 423 U.S. at 371.

### A.     Personal Participation

In order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). To be liable for "causing" the deprivation of a constitutional right, each defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and that defendant's conduct causes plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Additionally, defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of *respondeat superior* or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Pena*, 976 F.2d at 471. Absent some personal involvement by defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under 42 U.S.C. § 1983. *Johnson*, 588 F.2d at 743-44.

In the complaint itself Ms. Opel provides very little detail as to how any particular defendant acted. Dkt. 7. However, she does state; "[u]pon may arrival back to MSU I began to

REPORT AND RECOMMENDATION - 7

be harrassed [sic]. *See attached.*" Attached to the complaint are twenty-nine pages of exhibits that set forth facts involving a number of defendants and how they allegedly acted.

1. **Defendants Norm Caldwell, Alexis Stromberg, and Larry Belfor.**

These defendants, Caldwell, Stromberg, and Belfor are entitled to dismissal at the 12(b)(6) stage because plaintiff has failed to allege any facts showing that these persons participated in causing any alleged constitutional violation.

a. **Defendant Norm Caldwell**

Defendant Caldwell is a custody program manager who responded to a letter Ms. Opel sent him. Dkt. 7, p. 5. In this letter defendant Cladwell informs Ms. Opel that her request for a room move should be addressed to the risk management team. *Id*. There is nothing in the letter showing that this defendant played any part in any decision regarding Ms. Opel's housing or room assignment. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976). There are no allegations of improper conduct against this defendant. Accordingly the undersigned recommends granting this defendant's motion to dismiss.

b. **Defendant Alexis Stromberg.**

The attachments to the complaint identify Mr. Stromberg as a classification counselor. Dkt. 7, p. 5 (letter from Caldwell dated September 7, 2012). In a grievance attached to the complaint plaintiff states that her "CUS and counselor are non-cooperative to any issue I have brought to their attention." Dkt. 7, p. 20. Ms. Opel has failed to plead any facts showing that this defendant's conduct deprived her of rights, privileges or immunities secured by the

REPORT AND RECOMMENDATION - 8

Constitution or laws of the United States. *Parrett v. Taylor*, 451 U.S. 527 (1981). Plaintiff is not entitled to have prison officials agree with her or cooperate with her demands. Plaintiff has not pled any facts showing that this defendant violated any constitutional right. Accordingly the undersigned recommends granting this defendant's motion to dismiss.

    c.    **Defendant Larry Belfor.**

Other than being named as a defendant on page three of the complaint, there is no other reference to Sgt. Belfor in the complaint or attachments. Dkt. 7, p. 3. Ms. Opel has failed to plead facts showing that this defendant participated in or caused any constitutional violation. Accordingly the Court recommends granting this defendant's motion to dismiss.

    **2.**    **The Department of Corrections.**

Included in defendants' personal participation argument is an argument that the Department of Correction is not a proper party because the Department is not a person. Dkt. 20, pp. 6-7. Neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 claims against states, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). This rule applies equally to state agencies. *See Kaimowitz v. Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). A governmental agency that is an arm of the state is not a "person" for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

The Department of Corrections is not a "person" within the meaning of the Civil Rights Act. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *see also Alabama v. Pugh*, 438

REPORT AND RECOMMENDATION - 9

U.S. 781, 782 (1978) (*per curiam*); *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993). Accordingly the undersigned recommends granting this defendant's motion to dismiss.

**3.    Defendants Jane Parnell, Gina Rosendale, and Correctional Officers Labon, Troudt, Cooper, and Kaleopa.**

Defendants argue that they are entitled to dismissal at the motion to dismiss stage and there are no allegations against any of them except Ms. Parnell. Dkt. 20. Plaintiff states that she is being discriminated against and refers to numerous attachments. Dkt. 7, p. 3. In Ms. Opel's attachments are facts or allegations regarding defendants' actions. Liberally interpreting the complaint the unsigned finds that there are factual allegations that these defendants discriminated against plaintiff allegedly because of her looks or appearance. This could be a claim under the Equal Protection Clause of the Fourteenth Amendment.

An equal protection claim under the Civil Rights Act, 42 U.S.C. § 1983, requires, as a necessary element, that defendants acted with the intent to discriminate. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). To sustain an equal protection claim under 42 U.S.C. § 1983, plaintiff needs to show purposeful discrimination. *See Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination"). Mere evidence of disparate impact on minorities is insufficient. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 256 (1977); *Washington v. Davis*, 426 U.S. 229, 239-40 (1976).

The Equal Protection Clause does not require conditions, practices, and rules at county and state correctional facilities to be identical. *Cooper v. Elrod*, 622 F. Supp. 373 (N.D. Ill. 1985). The United States Supreme Court has observed that "showing that different persons are treated differently is not enough without more, to show a denial of Equal Protection." *Griffin v.*

REPORT AND RECOMMENDATION - 10

*County Sch. Bd. of Prince Edward County*, 377 U.S. 218, 230 (1964).  In addition, plaintiff must demonstrate that she was "treated differently [. . .] because [s]he belonged to a protected class." *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995), (*citing Divers v. Department of Corr.*, 921 F.2d 191, 193 (8th Cir. 1990)).

Plaintiff has not alleged that she belongs to a protected class.  Instead she states that the discrimination is based on her "appearance."  Dkt. 7, p. 4.  This is a defect that Ms. Opel might be able to cure by amendment of the complaint, but the Court cannot supply essential elements to the complaint.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Accordingly the undersigned recommends granting defendants' motion to dismiss but giving plaintiff the opportunity to file an amended complaint only on this potential claim.

**B.     Due process in a disciplinary hearing.**

Ms. Opel alleges her due process rights were violated when the hearings officer allegedly turned off the tape recorder and told her not to bother filing an appeal.  Dkt. 7, p. 3.  Defendants argue there is no right to due process unless goodtime credits are taken.  Dkt. 20, p. Defendants state:

> Even if Ms. Opel's allegations were true, her due process claims must fail as it appears she would not be entitled to the procedural due process protections set forth in *Wolff v. McDonnell. See Sandin v. Conner*, 515 U.S. 472, 483-87 (1995) (a prisoner has no federal or state protected liberty interest in due process when the sanction imposed neither extends the length of his sentence nor is "atypical and significant" in relation to the ordinary incidents of prison life). The challenged disciplinary sanctions of ten days in segregation and four days of room/cell confinement do not impose the type of hardship entitling Plaintiff to procedural due process protections under *Sandin*. *Id*. at 483-84. Indeed, the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986).

REPORT AND RECOMMENDATION - 11

Once segregation was imposed as a sanction for her conduct, the ten days that Ms. Opel spent in segregation was no longer administrative segregation, it was disciplinary segregation. Thus, *Toussaint v. McCarthy*, which addresses administrative segregation, is not completely applicable. However, an inmate has no right to be held at any specific custody level and plaintiff fails to show that a liberty interest is implicated by her short term stay in segregation. *Sandin v. Conner,* 515 U.S. 472, 486 (1995)(disciplinary segregation of 30 days did not implicate a liberty interest). Thus defendants are entitled to dismissal of this claim.

Further, even if a liberty interest was implicated by the potential loss of goodtime that Ms. Opel faced in her disciplinary hearing, she received all the due process mandated by the Supreme Court. Where length of incarceration and loss of good time are implicated by a prison disciplinary hearing, a prisoner is entitled to the following:

1. Advance written notice of the violation.
2. An opportunity to be heard.
3. An opportunity to present witnesses and evidence if doing so will not endanger the orderly operation of the facility.
4. Written findings.

*Wolff v. McDonnell*, 418 U.S. 539, 540 (1974). Ms. Opel does not allege that any of these items were missing or defective in her hearing. The attached finding of guilt shows that she received written findings. Dkt. 7, p. 8. Ms. Opel waived her right to 24 hours advanced written notice and she did not request any witnesses. Dkt. 7, p. 9. Further, Ms. Opel had an opportunity to be heard and she pled guilty to the general infraction. While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Due Process does not mandate that prison officials record disciplinary hearings and not recording all or part of the hearing does not violate any duty

REPORT AND RECOMMENDATION - 12

or right owed to Ms. Opel under the Due Process Clause. Thus, even assuming all material allegations of Ms. Opel's complaint as admitted and liberally construing those allegations in her favor, Ms. Opel can prove no set of facts in support of her due process claim.

In addition, there is no constitutional right to an appeal process when an inmate is found guilty in a prison disciplinary hearing. Ms. Opel does not have a right to force prison officials to agree with her and she cannot force them to dismiss the infraction. Again, even assuming all material allegations of Ms. Opel's complaint as admitted and liberally construing those allegations in her favor, this claim fails as a matter of law. Ms. Opel's allegation that the infracting officer allegedly changed his statement after the disciplinary hearing does not alter this analysis. When considering sufficiency of the evidence the inquiry is if there was any evidence supporting the infraction. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)("Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"). Ms. Opel's due process claim fails as a matter of law and defendants' are entitled to dismissal of this claim only as to the issue of equl protection.

C. **Equal protection violation.**

The undersigned addressed defendants' equal protection argument in the context of personal participation and noted that Ms. Opel has failed to allege that she was discriminated against because she belongs to a protected class. *Supra* at pp. 10-11. There is no reason to repeat that analysis here.

The undersigned recommends granting defendants' motion to dismiss on this issue but giving plaintiff the opportunity to file an amended complaint if she believes she can state a claim only as to the issue of equal protection.

REPORT AND RECOMMENDATION - 13

### D. Qualified immunity.

Defendants raise the defense of qualified immunity but provide no briefing in support of their argument. Dkt. 20. The undersigned will not consider this unbriefed issue. Further, as noted above, the undersigned has found, after viewing the facts in the light most favorable to Ms. Opel, that she has failed to pled facts showing a violation of her constitutional rights. Therefore, the Court need not further address the issue of qualified immunity.

### E. Stay of discovery.

The defendants requested a stay of discovery during the pendency of a dispositive motion. In light of the Court's recommendation to dismiss plaintiff's compliant with leave to amend, this issue need not be addressed at this time.

### F. Other allegations.

In her compliant Ms. Opel complains that certain unnamed officers are referring to a barrier that keeps inmates out of an area as "Opel Gate." Dkt. 7, p. 3. Defendants did not address this allegation in their motion to dismiss. This activity does not rise to the level of a constitutional violation and is nothing more than verbal harassment. *See Otarzewski v. Ruggiero*, 830, F.2d 136, 139 (9th Cir. 1987)(verbal harassment or abuse is insufficient to state a claim).

## CONCLUSION

The undersigned recommends that defendants' motion to dismiss (Dkt. 20) be **GRANTED IN PART AND DENIED IN PART.** Plaintiff should be given the opportunity to file an amended complaint limited to her equal protection claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

REPORT AND RECOMMENDATION - 14

purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 21, 2014** as noted in the caption.

> **DATED** this 27th day of October, 2014.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15